DECISION AND JUDGMENT ENTRY
This is an appeal from a Sandusky County Court of Common Pleas decision denying appellant's motion to suppress. The trial court's decision is affirmed for the reasons that follow.
The facts relevant to this appeal are as follows. On December 13, 1999, Judge Harry A. Sargeant Jr. issued a search warrant commanding the police to search the property at 342 Sandusky Avenue, Fremont, Ohio, appellant, appellant's vehicles, and any other persons present at 342 Sandusky Avenue at the time of the search for "[c]rack [c]ocaine, monies, and or documents relating to drug trafficking, drug paraphernalia, firearms, and any other contraband." The warrant was issued based upon information contained in an affidavit for a search warrant, signed by Detective Captain Lee A. Swartz and Detective Sergeant James Consolo of the Sandusky County Sheriff's Office. The information contained in the affidavit was supplied by a "confidential/reliable informant." According to the affidavit, Detective Swartz had worked with the informant for approximately two years and in that time, the "informant ha[d] supplied [Detective] Swartz with information that * * * resulted in the execution of several search warrants that led to numerous arrests and eventual convictions" as well as "supplied [Detective] Swartz with other non drug related information in the past that proved to be true and accurate." Furthermore, the affidavit stated, in relevant part, as follows:
 "Within the last 24 hours CI went to the above location with a friend. CI arranged a purchase of crack cocaine through a friend at the Duke residence. Said CI observed the friend enter the Dukes residence and return shortly thereafter with a piece of crack cocaine. Affiant retrieved said crack cocaine from the CI at which time a field test was initiated. The result tested positive for the presence of cocaine.
 For the past several years Affiant Swartz has received much drug intelligence regarding Mr. Duke's involvement in the illegal drug trade. Numerous sources have stated that Mr. Dukes sells a large amount of cocaine."
Although there are no facts in the record regarding the execution of the search warrant, on December 22, 1999, appellant was indicted on one count of possession of cocaine in an amount exceeding twenty-five grams and not exceeding one hundred grams, a felony in the first degree. Then, on March 20, 2000, appellant filed a motion to suppress the results of the search, arguing (1) it was error to issue the search warrant when the information was not from a reliable source, and (2) it was error to permit a search of appellant's person. Appellant waived a hearing on the motion and the trial court denied appellant's motion based on the memorandum. Thereafter, on June 27, 2001, appellant, as part of a plea agreement, entered a plea of no contest to the charge of possession of cocaine in an amount between five and ten grams, which was a felony of the third degree. Pursuant to the plea agreement entered into between the parties, and accepted by the trial court, appellant was sentenced to three years in prison, with judicial release after thirty months. This sentence was stayed pending appeal. Appellant now appeals, raising the following assignment of error:
 "ASSIGNMENT OF ERROR NO. 1 "WHEN THE BASIS OF THE SEARCH WARRANT IS PREDICATED UPON INFORMATION FROM AN INFORMANT'S "INFORMANT" A TRIAL COURT ERRS BY NOT GRANTING A DEFENDANT'S MOTION TO SUPPRESS WHEN THERE IS NO SHOWING OF THE VERACITY OF THE INFORMANT'S INFORMANT."
"In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, `the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v.George (1989), 45 Ohio St.3d 325, paragraph one of syllabus, quotingIllinois v. Gates (1983), 462 U.S. 213, 238-39. Once a warrant has been issued, the duty of the reviewing court is "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." George, paragraph two of syllabus. The magistrate's determination is entitled to "great deference" and marginal cases should be resolved in favor of upholding the warrant. Id.
We believe that the affidavit in the present case did provide a substantial basis for Judge Sargeant's conclusion that there was a fair probability that cocaine and related paraphernalia would be found on appellant or in his residence. See, Id. at 330. The affiant police officers provided sufficient information regarding the veracity of the confidential informant. They swore that they had worked with this informant for a number of years and that his information had proved accurate and had resulted in search warrants, arrests, and convictions. Furthermore, the informant had "arranged the purchase of cocaine through someone at Duke's residence," and witnessed a friend enter the house and return with cocaine. This information corroborated previous information received by the detectives.
Appellant argues that the confidential informant was merely passing along hearsay information and that, without any information regarding this "informant's informant," the affidavit lacks probable cause. We disagree. The information contained in the affidavit does not include any information passed along to the informant by any secondary "informant." The affidavit merely relates what the confidential informant witnessed first-hand.
Appellant also argues that the information provided in the affidavit was too remote in time to provide a basis for the conclusion that there was a fair probability that drugs would be found on appellant or in appellant's residence. We also disagree with this argument. According to the affidavit, the informant witnessed his friend enter the house and return with cocaine a mere twenty-four hours before the affidavit was signed. Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 ___________________ KNEPPER, J.
 Melvin L. Resnick, J., James R. Sherck, J., Richard W. Knepper, J., CONCUR.